Shaw, C. J.
The errors assigned in this case are the same as in other cases, where they have been overruled, with one or two exceptions. The indictment was for feloniously receiving stolen goods, knowing them to have been stolen, and is founded on Rev. Sts. c. 126, § 20, which declare that “every person, who shall buy, receive, or aid in the concealment of any stolen goods, knowing the same to have been stolen, shall be punished,” &c.
The 6th error assigned is, that it doth not appear by the record, upon which of the two offences charged, the jury found the defendant guilty; and 7th, that Stevens was found guilty of two offences, &c. It appears to us, that this is founded on a misapprehension both of the effect of the indictment, and of the statute on which it is founded. The indictment alleges, first, the stealing of the goods described, by a person named Buswell, and then proceeds to state that the defendant the said goods so stolen feloniously did receive and have, and then and there did feloniously aid in concealing the same, then and there well knowing, &c. There is but one count in which the defendant is charged, and there is but one offence with which he is charged. It is made but one offence by the statute, although, according to the language used, it may be committed in one of three modes ; that is, by buying, receiving, or aiding in the concealment of stolen goods. Whether charged to be done in one, two, or all three of the modes mentioned, it is still but one *243 offence, and the general finding of the jury is, that the offer.ce was committed as charged.
Another exception, not specially assigned for error, hue taken at the hearing, was a want of venue to the fact of receiving and having. The indictment, after charging the stealing on, & c., at Lowell, in said county, avers that said Stevens the said goods so stolen, in manner and form aforesaid, feloniously did receive and have, and then and there did feloniously aid in concealing Now, whatever may be said of this allegation of receiving, the fact of aiding in the concealment is charged with a venue, in due form; and we have already said that either act is sufficient to constitute the offence and warrant the judgment.

Judgment affirmed.